# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>RAPHAEL MENARD and<br>LESHANDA HUNTE,<br><br>　　　　　Defendants. | 1:17-cr-193-WSD-CMS |

## OPINION AND ORDER

This matter is before the Court on Defendant Leshanda Hunte's Motion to Suppress Evidence [49] ("Motion") and the Government's Motion In Limine to Take Two Pretrial Depositions for Use at Trial Pursuant to Rule 15 [50].

## I.　　BACKGROUND

On June 8, 2017, a federal grand jury returned a six-count indictment [1] charging Defendants Menard and Hunte with conspiracy and theft of government money. The indictment alleges that in September and October 2012, Defendants deposited, into their personal bank accounts and for their own use, federal tax refund checks issued to other people. ([1]). Defendant Menard pled guilty to Count 1 on January 11, 2018. Defendant Hunte's trial is scheduled to begin on February 12, 2018.

The Court considers the pending motions and sets out below certain additional background information related to the motions.

## II. DISCUSSION

### A. Defendant Hunte's Motion to Suppress

On or about March 13, 2013, federal agents went to AMLI at Perimeter Place apartments to gather information about the defendants and their occupancy at the apartment complex. ([49] at 1). Defendant Hunte alleges the agents were told "the defendants left the apartment complex in November 2012" before their leases expired. They left items in a storage unit that the management considered, under Defendants' lease terms, as abandoned. (Id.). The agents took two boxes from the storage unit which contained dismantled hard drives, a sales order book and a prepaid turbo tax Visa debit card in the name of Basheir Carr. (Id. at 2). Defendant Hunte argues that entering the storage unit and taking possession of the two boxes and their contents constituted a warrantless search of the unit and violated Defendant Hunte's Fourth Amendment rights. (Id.) The evidence seized, and any fruits of it are, Defendant Hunt argues, required to be suppressed. (Id.).

The Government advises that it does not intend to introduce the seized property at trial unless Defendant testifies. ([52-1]). The Government argues, should Defendant Hunte testify, the seized items may be admissible as an

impeachment exception to the rule that the evidence is excludable. See United States v. Havens, 446 U.S. 620, 627–28, 100 S. Ct. 1912, 1916–17 (1980). Thus, Government argues the motion is moot. (Id.).

It is well established that "[f]or illegally seized evidence to be admissible for impeachment it must impeach the defendant who has testified." ((Id., citing United States v. Havens, 446 U.S. 620,627-628, 100 S. Ct. 1912, 1916-17 (1980)). The Government agrees the evidence must constitute impeachment to be admitted.

Under the circumstances here, Defendant Hunte's motion is denied as moot, without prejudice to Defendant Hunte objecting to the introduction of the evidence at trial if Defendant Hunte contends it is not proper impeachment.

> B. The Government's Motion to Take Depositions Under Rule 15 of the Federal Rules of Criminal Procedure

The Government seeks to take two depositions for use at trial pursuant to Fed. R. Crim. P. 15. Defendant Hunte does not oppose the motion.

Federal Rule of Criminal Procedure 15 provides that the Court may authorize depositions in a criminal case based on "exceptional circumstances and in the interests of justice." Fed. R. Cr. P. 15(a); see United States v. Ramos, 45 F.3d 1519, 1522 (11th Cir. 1995); United States v. Drogoul, 1 F.3d 1546, 1551-52 (11th Cir. 1993). Three factors guide the Court's determination of whether "exceptional circumstances" exist for purposes of a Rule 15 deposition: "whether

3

(1) the witness is unavailable to testify at trial; (2) injustice will result because testimony material to the movant's case will be absent; and (3) countervailing factors render the taking of the deposition unjust to the nonmoving party." Ramos, 45 F.3d at 1522-23 (citing Drogoul, 1 F.3d at 1554). A potential witness is unavailable for purposes of Rule 15(a) when a "substantial likelihood exists that the proposed deponent will not testify at trial." Drogoul, 1 F.3d at 1552. This showing can be made through affidavits or otherwise and "need not be conclusive before a deposition can be taken." Id. at 1553. Courts have held that a witness is unavailable under Rule 15(a) when a health problem prevents the person from testifying live at trial. See United States v. Keithan, 751 F.2d 9, 12 (1st Cir. 1984); Furlow v. United States, 644 F.2d 764, 767 (9th Cir.), cert denied, 102 S. Ct. 340 (1981).

The Government has shown that witnesses M.L. and M.R. are unavailable, their testimony is material, depositions will not impose an injustice, and Defendant Hunte does not oppose the motion. Based on these findings, the motion is granted.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Leshanda Hunte's Motion to Suppress Evidence [49] is **DENIED AS MOOT**, without prejudice to the Defendant objecting to any evidence seized from the storage location on the grounds it does not impeach the Defendant's testimony.

**IT IS FURTHER ORDERED** that the Government's Motion In Limine to Take Two Pretrial Depositions for Use at Trial Pursuant to Rule 15 [50] is **GRANTED**.

**SO ORDERED** this 22nd day of January, 2018.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE